Tuesday, March 8. The Judges delivered their opinions.
Judge Tucker,
after stating the case, in doing which he quoted, by way of explanation, the above-mentioned acts of January 14, 1799, and January 11, 1800, made the following observations :■
Mr.- Wickham,, for the appellants, contends, that the last mentioned act of assembly is void, as against the principles of the constitution of the Commonwealth, and contrary to that article of the federal constitution, which makes void all acts impairing the obligation of private contracts. But, as the record does not contain a copy of either of the orders of the Court of Greenbrier referred to in the notice, I shall not inquire into the force of that objection, nor enter into the merits of a case which I am not furnished with sufficient data to understand; especially, as it has been decided that this Court cannot award a certiorari to a County Court, to bring up any part of a record which may have' been omitted.
By the act directing the mode of laying and collecting the County-levy,(a) the Justices of the County Court ar. authorised at certain Courts annually, “ to proceed to make “ up, in their minutes, an account of all expenses incurred “ by the said Court under authority of any law, chargeable “ on the County and remaining unpaid, stating therein the “ sums due, for what, and to whom due, and all credits “ owing to the said County. When a balance due from “ the County is thus ascertained, the Justices shall proceed “ to levy and assess on the titheable persons in their County “ the amount of that balance, in equal proportions. The “ sums due to the County, and the sum to be assessed on “ the titheables, being added together, shall then be appro- “ priated by the Court, so as to shew the right of each “ County creditor, and the amount of his demand.” After this, the clerk is to furnish the sheriff with proper lists of the persons indebted or chargeable for levies, and also of the persons to whom the same ought to be paid, with the amount of their demands j which he is to collect and pay .accordingly. And, if he fails to account with and satisfy *53 the County creditors, the respective sums levied for them, within six months, any creditor who may be injured may obtain judgment against him or his securities upon ten days notice. And, where he fails to account with the County, the Court thereof may enter judgment against him, upon the like notice, for whatever shall appear to be due from him.(a)
It would seem, from this view of the law, that the creditor hath nothing to do with the manner in which the sheriff is to proceed to levy' the money which he is to pa.y such creditor; nor can I suppose that the Court would understand the word appropriate so as to designate the particular titheables whose levies should be paid to particular creditors; for this might produce great injustice, by appropriating the levies of a number of insolvent persons to the payment of /l.’s debt, while the debt of B. might be fully paid without difficulty. 1 therefore understand the law as constituting an aggregate fund out of the monies due to the County and the levy to be laid; and out of this aggregate fund, each creditor is to be paid liis specific demand. But, in case the sheriff fails to collect any part of the sum due the County or laid in the levy, the Court arc to proceed to punish him for his delinquency: but the creditor has nothing to do with it; the law, after a certain time, making the sheriff liable to the creditor for the sum appropriated to him, whether the sheriff has collected it or not. Now the object of the present motion is to recover from the sheriff the amount of the levies due from those persons formerly inhabitants of Greenbrier, who by the division of the County have fallen into Monroe County. But the creditor has nothing at all to do with the collection. If the sheriff has omitted to collect the money in that part of his district, the Court, and not the creditor, is to proceed against him. Upon these grounds, I am of opinion, that the judgment of the District Court, reversing that of the County Court, and overruling the plaintiff's motion, was correct, and ought to be affirmed.
*54 Judge Roane.
This summary remedy lies only in favour of the County creditors themselves. It does not lie in favour of those who, as trustees, have contracted, or may contract, on behalf of tire County, with any individual. Not only the words of the act in question, but the general spirit of our laws, in relation to summary proceedings, forbids that a motion shall be allowed in favour of the trustees; to recover the money from whom the actual creditors may after-wards be driven to another and a tedious remedy. I think too that it ought to be shewn that the plaintiff was a creditor at the time of the levy; for the act does not seem to warrant the County Court in levying money in advance upon the people. It requires that, at the time of laying the levy, the aggregate of the sums due to the County, and levied upon the titheables, shall “be appropriated by the Court “ so as to shew the right of each County creditor, and the “ amount of his demand.”(a) This construction is strengthened by the right given to the County creditors by the ninth section of the same act to move against the sheriff, at the expiration of six months after the levy shall have been laid, for the amount of the respective sums levied for them. This construction of the act (as to this point) would seem also to exclude the trustees in the case in question; for the levy was made in October, 1798, and the order by which they were directed to appropriate the money in question was not made until November, 1799, more than twelve months after. I also concur in the construction that a particular creditor has not a right to select a particular part of the County to satisfy his demand.
It was argued that the defence set up at the trial, in relation to the operation of the act of. January 11, 1800, was the reason why the plaintiffs did not go on to complete their case by shewing that they were (or acted in behalf of) County creditors, within the meaning of the act. But this apology is not sufficient: and this Court will never give judgment in a summary way in favour of any plaintiffs *55 who do not bring themselves fully within the terms of the act under which they proceed. On this ground, then, (without touching or considering the constitutional question made in the argument,) X am of opinion, that the judgment of the District Court, reversing that of the County Court, is correct.
Judge Fleming concurring, the judgment of the District Court was unanimously affirmed.

 Rev. Code, 1 vol. p. 251. c. 134. sect. 7.

 Ibid. sects 8 and 9.

 Code, 1 vol. p. 251.